## SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

ONE MANHATTAN WEST

NEW YORK, NEW YORK 10001-8602

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

_____

| Suite 5100 | Suite 1400 | Suite 3000 |
| --- | --- | --- |
| 1000 Louisiana Street | 1900 Avenue of the Stars | 401 Union Street |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-2683 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

Mark Musico
Direct Dial (212) 471-8357

E-Mail MMusico@susmangodfrey.com

September 20, 2024

Hon. Margaret M. Garnett
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Saba Capital Master Fund, Ltd. v. BlackRock ESG Capital Allocation Trust*,
       No. 24-cv-1701

Dear Judge Garnett:

The Court ordered Defendants to file a Letter addressing the discovery they need to respond to Plaintiff's Motion for Summary Judgment or stating that they are prepared to respond to the Motion. Defendants' Letter does neither. Since Defendants' Letter reflects that they are, apparently, already prepared to brief the merits of Saba's Motion, Saba respectfully requests that the Court adjourn the Conference scheduled for October 9 and, instead, order Defendants to file their Opposition to Saba's Motion by no later than October 16, and order Saba to file its Reply by no later than October 31.

The ***only*** factual disputes Defendants attempt to conjure in their Letter relate to an issue that is ***not*** the basis of Saba's pending Motion—namely, the general unattainability or effective impossibility of reaching Defendants' voting threshold. Dkt. 59 at 2 (describing the "factual areas that require development" as "Saba's efforts to solicit retail and institutional shareholder voting" and "expert testimony regarding shareholder voting patterns at closed-end funds"). Moreover, even as to this lone issue Defendants have identified as requiring factual "development," Defendants still do not even endeavor to identify ***what discovery*** they believe they need, or what information is in Saba's possession that is not already available to Defendants or otherwise publicly available. Their generic plea for "factual development" does not come close to meeting the standard for avoiding summary judgment practice under the Federal Rules. *See* Fed. R. Civ. P. 56(d) (nonmovant must show facts "***essential***" to its opposition that are "***unavailable***" such that nonmovant "***cannot present***" them without discovery (emphases added)).

September 20, 2024
Page 2

As Saba explained at length in its opening brief, "[w]hile it remains true that the Majority Outstanding Provision is also unlawful because it sets a standard that is not realistically attainable and deprives ECAT's shareholders of a meaningful opportunity to elect their directors, the Court need not reach that issue to decide this Motion. Regardless of whether the Majority Outstanding Provision ***theoretically might*** allow directors to ever be elected in a contested election in the future, seven of ECAT's directors ***have not been elected*** under the Majority Outstanding Provision after the ICA-mandated expiration of their terms. Now that the Majority Outstanding and Holdover Provisions have resulted in a supermajority of unelected directors occupying ECAT's Board, on the vote of a minority of the Fund's shares, those Provisions should be declared unlawful under ICA Section 16(a) and 18(i), and rescinded pursuant to ICA Section 46(b)(2)." Dkt. 58 at 3-4; *see also id.* at 9-15 ("the undisputed current composition of ECAT's Board, an undisputed product of the Majority Outstanding and Holdover Provisions, violates Section 16(a)'s thresholds for the proportion of directors who must be 'elected' by the shareholders at an 'annual or special' meeting of the fund, and Section 16(a)'s mandate that the term of at least one class of directors must 'expire each year'"); *id.* at 15-16 ("[a]t ECAT's 2024 election, the Majority Outstanding and Holdover Provisions gave disproportionate voting rights to certain shares—specifically, the shares that vote in favor of the incumbents" based on the undisputed fact that "[e]ven though the challengers received 1.6 times as many votes as the incumbents, the incumbents, not the challengers, serve on the Board").

The rest of Defendants' Letter merely offers their own *ipse dixit* that various ***undisputed facts*** do not establish a violation of the ICA. *See* Dkt. 59 at 2 ("[T]he mere fact that any given number of directors currently serve as holdovers does not establish a violation of the 1940 Act."); *id.* ("[T]he fact that Saba's nominees were not elected at ECAT's 2023 of 2024 annual shareholder meetings . . . does not establish a violation of the 1940 Act"); *id.* at 2-3 ("Saba also repeats a number of claims that likewise do not establish violation of the 1940 Act."). Saba, in its Motion, has explained why Defendants' arguments are incorrect. *See generally* Dkt. 58 at 9-17. Unlike Defendants, Saba will not further engage with the merits in this Letter. For present purposes, the relevant point is that none of these issues requires factual development, let alone discovery, to adjudicate.

Defendants also preview their (meritless) unclean hands defense, Dkt. 59 at 3, but again fail to explain how that defense turns on any factual disputes whatsoever, let alone facts requiring any discovery. Saba, of course, disagrees that Defendants can use "unclean hands" to evade rescission of ICA-offending provisions. Courts, including the Second Circuit, have repeatedly rejected efforts by BlackRock and other entrenched closed-end fund managers to inject "equitable" considerations into Saba's ICA-based challenges to those managers' blatantly

September 20, 2024
Page 3

unlawful conduct. *See* Dkt. 58 at 21-24. Defendants conspicuously cite no authority whatsoever for the proposition that "unclean hands" can serve as a defense to an ICA-based claim. Defendants also cannot explain how or why shares of ECAT held by ***non-party*** Saba Capital Closed-End-Funds ETF (a fund for which ***non-party*** Saba Capital Management L.P. serves as a sub-advisor) has any bearing on the supposed "unclean hands" of Saba Capital Master Fund Ltd., the ***sole Plaintiff*** in this case. In any event, it suffices for present purposes that Defendants never attempt to articulate what further factual information or discovery is needed to adjudicate this baseless distraction of a defense.

Finally, Defendants attempt to re-litigate the Court's denial of their motion to dismiss, claiming that one theory of liability articulated in Saba's Motion is time-barred. Dkt. 59 at 4-5. Saba's Motion, however, makes clear that the theory is premised on the manner in which the "Majority Outstanding and Holdover Provisions worked at ECAT's 2024 election to defy the ICA." *See* Dkt. 58 at 15-16 (discussing how the "result of ECAT's 2024 election reflects" the manner in which the Provisions "operat[e] only to maintain ***unelected*** trustees in office"). In any event, even if the Court were to indulge Defendants' meritless request for reconsideration of the Court's ruling that Saba's claims are timely as to this one particular theory, Defendants yet again cannot identify any factual disputes relevant to that argument, let alone any information they can obtain only through discovery.

As Saba explained in its opening brief, no factual development—let alone discovery—is needed to adjudicate its pending Motion for Summary Judgment. Defendants' Letter aims at strawmen, claiming that factual development is needed on issues that are not the basis of Saba's Motion and, even then, failing to explain what information is unavailable to Defendants such that they need discovery to get it. Then, Defendants try to sneak in a preview of their merits defenses, including re-hashed defenses from their motion to dismiss. The appropriate forum for Defendants to air such arguments is their actual Opposition brief—which, respectfully, the Court should order Defendants to file promptly.

Sincerely,

Mark Musico

cc: All counsel of record via ECF