**WILLKIE FARR & GALLAGHER LLP**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/2025
```

July 2, 2025

Hon. Margaret M. Garnett
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:     *Saba Capital Master Fund, Ltd. v. BlackRock ESG Capital Allocation Trust*, No. 24-cv-1701

Dear Judge Garnett:

Pursuant to Rule II(B)(4) of the Court's Individual Practices, Local Civil Rule 7.1(d), and Federal Rule of Civil Procedure 7, Defendants respectfully move to stay all proceedings in this action pending the Supreme Court's forthcoming merits decision in *FS Credit Opportunities Corp. v. Saba Capital Master Fund, Ltd.*, No. 24-345. Counsel for Defendants has conferred with counsel for Saba, who oppose this request.[1]

The Supreme Court granted certiorari in *FS Credit* on June 30 to decide "whether Section 47(b) of the [Investment Company Act of 1940] creates an implied private right of action." Pet. for Cert. at i, *FS Credit Opportunities Corp. v. Saba Capital Master Fund, Ltd.*, No. 24-345 (U.S. Sept. 24, 2024); *see* 2025 WL 1787708 (U.S. June 30, 2025). As Defendants previously informed the Court, the Solicitor General submitted a cert-stage amicus brief recommending that the Court grant review and hold, on the merits, that there is no such private right of action. ECF No. 78. Because Saba has sought rescission exclusively under Section 47(b), the Supreme Court's merits decision in *FS Credit* may well be dispositive of this action. Considerations of judicial economy, the interests of the parties and public, and a consistent line of Second Circuit and Southern District case law favor a stay.

"A district court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (cleaned up). Courts in this District consider five factors in weighing a stay request:

> (1) The private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

---

[1] The parties have also conferred and agreed on a briefing schedule, pursuant to which Saba would file an opposition to this letter-motion by July 11, 2025, and Defendants would file a reply by July 17, 2025.

*Id.* A court may also "properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action." *Id.* (cleaned up). Indeed, "[p]ostponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the interest of judicial economy," *Jugmohan v. Zola*, No. 98-CV-1509 (DAB), 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000).

The Second Circuit's seminal case on this issue arose in a context strikingly similar to this one: in *Marshel v. AFW Fabric Corp.*, 552 F.2d 471 (2d Cir. 1977), the Circuit instructed the district court to stay proceedings pending the Supreme Court's decision in *Santa Fe Indus., Inc. v. Green*, 430 U.S. 462 (1977). In *Green*, the Supreme Court had recently granted review of the Second Circuit's decision finding an implied private right of action for certain breach-of-fiduciary-duty claims under Rule 10b-5. *Marshel* concerned a plaintiff's attempt to pursue damages under that purported private right of action, and because the viability of such a claim would, "in all likelihood, turn upon the decision in *Green*," the Second Circuit instructed that the district court in *Marshel* "stay further proceedings pending the resolution of *Green*." 552 F.2d at 472.

Since *Marshel*, courts in this Circuit routinely find that the applicable stay factors are satisfied where a pending case before another court could affect the outcome of the litigation before it. *See, e.g.*, *Urena v. Sonder USA Inc.*, No. 22-CV-7736 (VM), 2024 WL 1333012, at *2 (S.D.N.Y. Mar. 28, 2024) (staying case pending an appeal to the New York Court of Appeals and explaining that a "stay is especially warranted here, where a higher court is close to settling an important issue of law bearing on the action") (cleaned up); *Pry v. Auto-Chlor Sys., LLC*, No. 23-CV-4541, 2024 WL 3728981, at *1 (S.D.N.Y. Aug. 8, 2024) (staying case pending appeal to the New York Court of Appeals); *Estate of Paolello v. Providence Rest, Inc.*, No. 22-CV-09930 (JLR), 2023 WL 172200, at *1 (S.D.N.Y. Jan. 12, 2023) (staying case pending resolution of Second Circuit cases); *Kennedy v. Aegis Media Americas, Inc.*, No. 1:20-CV-3624-GHW, 2021 WL 4077946, at *1 (S.D.N.Y. Sept. 7, 2021) (staying case pending resolution of the Supreme Court's decision in *Hughes v. Northwestern University*); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 619 (S.D.N.Y. 2012) (staying a claim under the Alien Tort Statute pending the Supreme Court's decision in *Kiobel v. Royal Dutch Petroleum*); *In re Literary Works in Elec. Databases Copyright Litig.*, No. 00-CV-6049, 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001) (staying case pending Supreme Court's decision in *New York Times Co. v. Tasini*); *see also Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*, No. 15-CV-04767-AB (JCX), 2015 WL 6579779, at *2 (C.D. Cal. Oct. 19, 2015) (collecting cases staying TCPA claims pending *Spokeo, Inc. v. Robins* and *Campbell-Ewald Co. v. Gomez*).

In light of that consistent practice and the applicable five-factor test, a stay is warranted here. The question presented in *FS Credit* is also case-dispositive in this action, whose viability will now "in all likelihood, turn upon the decision" in *FS Credit*. *Marshel*, 552 F.2d at 472. Saba has sought rescission exclusively under Section 47(b) of the Investment Company Act, relying on Second Circuit precedent that locates a private right of action exclusively in Section 47(b). ECF No. 1 ("Compl."), at p.14 (Prayer for Relief part b); *id.* ¶ 56; *see Saba Cap. CEF Oppors. 1, Ltd. v. Nuveen Floating Rate Income Fund*, 88 F.4th 103, 115 (2d Cir. 2023) (citing Section 47(b));

*Oxford Univ. Bank v. Lansuppe Feeder, LLC*, 933 F.3d 99, 106 (2d Cir. 2019) (same, and locating the 1940 Act's private right of action for rescission exclusively in Section 47(b)).[2]

The applicable five-factor test also favors a stay. The first, second, and third factors all favor a stay because "[i]t would be an inefficient use of time and resources of the court and the parties to proceed" given that the Supreme Court will soon decide whether Section 47(b) affords Saba a basis to sue at all. *In re Literary Works*, 2001 WL 204212, at *3. A stay would save the parties and the Court substantial resources that would otherwise be spent in likely unnecessary litigation. Nor can Saba claim any cognizable prejudice or burden resulting from a stay: the Court has already noted that Saba's delay in seeking injunctive relief at the outset of this case "undercut[] the sense of urgency that ordinarily accompanies" such a motion and "suggests that there is, in fact, no irreparable injury." ECF No. 43, at 10 (cleaned up). In the year since, Saba has not renewed its request for injunctive relief, or otherwise suggested that it required relief in this case on any particular timeline, much less an expedited one. And even if Saba *could* claim prejudice from a stay, any such prejudice would be outweighed by the significant countervailing interests of Defendants, the public, and the Court.

As to the final two factors, consideration of the interests of nonparties—particularly other ECAT shareholders—favors a stay, which would keep the status quo in place pending a decision by the Supreme Court, rather than risk any disruption to the status quo that would later be undone by the Supreme Court's decision. A stay would also serve the public interest by conserving judicial resources for cases that are not likely to be mooted by an impending Supreme Court decision.[3]

For the foregoing reasons, the Court should stay all proceedings in this case pending the sending down of the Supreme Court's judgment in *FS Credit*.

---

[2] Saba's additional request for a declaratory judgment that the Majority Vote Bylaw is "void" pursuant to Section 47(a), Compl. ¶¶ 62-65; *id.* at p.14 (Request for Relief part c), would not change matters, for the reasons explained in Defendants' reply in support of its motion for judgment on the pleadings. ECF No. 77, at 7-9. As is well established, the Declaratory Judgment Act may not be used as an end-run around the absence of a private right of action. ECF No. 72, at 15. And any argument that Saba should be permitted to amend its complaint to assert a private right of action under Section 47(a) is similarly doomed: Section 47(a) does not create a private right of action, and Saba has not cited a case holding otherwise or explained how finding a private right of action in Section 47(a) could be consistent with Second Circuit precedent. ECF No. 77, at 8-9. Nor can Saba explain why, if Section 47(a) authorized a private right of action for rescission in this context, it was necessary for the Second Circuit to go to the trouble of analyzing whether such a claim existed under Section 47(b)(2). *Id.* Finally, even if Section 47(a) authorized a private right of action, it would not apply here by its plain terms: unlike the statutory text confronted by the Supreme Court in *TAMA v. Lewis*, which provided that "[e]very contract *made in violation of any provision of* [the IAA] . . . *the performance of which involves the violation of*, or the continuance of any relationship or practice in violation of any provision of [the IAA], or any rule, regulation, or order thereunder, shall be void," 444 U.S. 11, 17 n.7 (1979) (emphasis added), Section 47(a) provides that "[a]ny condition, stipulation, or provision *binding any person to waive compliance* with any provision of [the 1940 Act] or with any rule, regulation, or order thereunder shall be void," 15 U.S.C. § 80a-46(a) (emphasis added). The Majority Vote Bylaw does *not* "bind[] any person *to waive compliance* with" anything, so Section 47(a) would not apply even if it implied a private right of action.

[3] The Court could, consistent with the above, grant Defendants' motion for judgment on the pleadings—which asserts a basis for dismissal that would survive the Supreme Court's decision in *FS Credit*—and let the Second Circuit decide whether any appeal from that decision should proceed ahead of *FS Credit*. Any other result would impose unnecessary burdens on the parties and the Court, and run afoul of the Second Circuit's decision in *Marshel* and the consensus of district court cases applying it.

Respectfully submitted,

s/ Steven D. Feldman*  
Stradley Ronon Stevens &Young, LLP  
100 Park Avenue, 20th Fl.  
New York, New York 10017  
(212) 404-0659  
sfeldman@stradley.com

*Attorneys for R. Glenn Hubbard, W. Carl Kester, Cynthia L. Egan, Frank J. Fabozzi, Lorenzo A. Flores, Stayce D. Harris, J. Phillip Holloman, and Catherine A. Lynch*

*Electronic signature affixed with consent

s/ Tariq Mundiya  
Willkie Farr & Gallagher LLP  
787 Seventh Avenue  
New York, New York 10019  
tmundiya@willkie.com

*Attorneys for ECAT, Robert Fairbairn, and John M. Perlowski*

The Court shall adopt the parties' proposed briefing schedule on Defendants' letter-motion to stay this action. It is hereby ORDERED that Plaintiff shall file a letter-response no later than **July 11, 2025**, and Defendants shall file a reply no later than **July 17, 2025**.

SO ORDERED. Date: 7/2/2025.

HON. MARGARET M. GARNETT  
UNITED STATES DISTRICT JUDGE