USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SABA CAPITAL MASTER FUND, LTD.,

                Plaintiff,

-against-

BLACKROCK ESG CAPITAL ALLOCATION TRUST, et al.,

                Defendants.

24-CV-01701 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    On June 30, 2025, the Supreme Court granted certiorari on the question whether "Section 47(b) of the [Investment Company Act of 1940], 15 U.S.C. § 80a-46(b), creates an implied private right of action." *F.S. Credit Corp. v. Saba Cap. Master Fund*, No. 24-345, 2025 WL 1787708, at *1 (U.S. June 30, 2025); Petition for a Writ of Certiorari at 2024 WL 4349951 (U.S. Sept. 24, 2024). Here, Defendants argue that the Supreme Court's resolution of that question will potentially be dispositive of this action and therefore request that further proceedings in this case be stayed pending the Supreme Court's ruling. The Court agrees and grants Defendants' request to stay this action.

    District courts have broad discretion in determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Five factors generally guide a court's discretion in deciding whether to stay an action:

> (1) The private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 23-CV-07218 (JPC), 2024 WL 3252597, at *3 (S.D.N.Y. July 1, 2024).

    Weighing these factors, the Court finds that a stay of this case is warranted because it would greatly serve the interests of the courts and improve judicial efficiency. "Courts within this Circuit have routinely stayed cases 'when a higher court is close to settling an important issue of law bearing on the action.'" *Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22-CV-03256 (KPF), 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) (quoting *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012)). "A stay is proper even where the pending decision may not settle every question of fact and law before the court, but in all likelihood it

will settle many and simplify them all." *Gonzalez de Fuente v. Preferred Home Care of New York LLC*, No. 18-CV-06749 (AMD), 2020 WL 738150, at *3 (E.D.N.Y. Feb. 13, 2020) (quotations omitted). The Supreme Court's decision in *F.S. Credit* will control a key threshold issue in this case—whether Plaintiff may bring a private action for rescission under Section 47(b) of the Investment Company Act. Even if the Supreme Court's decision would not dispose of this entire case, it will at the very least provide substantial guidance to narrow the issues in dispute and potentially facilitate a resolution.[1] This Court may "properly exercise its staying power" to await a high court decision "bearing on the action," even when "the issues in such proceedings are [not] necessarily controlling on the [entire] action" in the lower court and "may not settle every question of fact and law." *Sikhs for Just.*, 893 F. Supp. 2d at 622.

No other interests outweigh the factors supporting a stay. While the Court appreciates that the parties are awaiting a decision on their fully briefed dispositive motions, the pendency of those motions is in part due to the difficulty and novelty of the very legal issue on which the Supreme Court has granted certiorari in *F.S. Credit*. Defendants have requested the stay, and the Court does not find that further delay, for a known period, would significantly prejudice the Plaintiff. This is particularly so when weighed against the fact that a stay in this case would avoid potentially protracted or duplicative litigation or appeals, and a potential whipsawing of outcomes should this Court decide this key legal issue only to have that decision countermanded by the Supreme Court in the foreseeable future. *See* Dkt. No. 83 at 2; *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017) (under these circumstances, a stay would clearly "promote the interests of non-parties and the public to conserve judicial resources and promote judicial economy.").

Accordingly, Defendants' motion to stay is hereby GRANTED, and this case is STAYED pending the Supreme Court's decision in *F.S. Credit*. Within 14 days of that decision, the parties shall submit a joint status letter proposing next steps in this case.

The Clerk of Court is respectfully directed to terminate Dkt. No. 80 and mark this case STAYED.

Dated: July 28, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] Plaintiff argues that its rescission claim could alternatively be brought under Section 47(a) of the Investment Company Act, even if the Supreme Court holds that there is no such private right of action under Section 47(b). Dkt. No. 82 at 2–3. Defendants contest this. *See* Dkt. No. 83 at 2–3. The Court declines to definitively rule on this issue at this time, unless and until it is necessary following the Supreme Court's decision in *F.S. Credit*, including whether revised pleadings or renewed motion practice is warranted.